Justice Ginsburg,
with whom Justice Breyer and Justice Sotomayor join, dissenting.
The Vietnam Era Veterans’ Readjustment Assistance Act of 1972 (VEVRAA) requires federal contractors to certify, each year, the number of “qualified covered veterans” they employ and related information. 38 U. S. C. § 4212(d); 48 CFR §§ 22.1310(b) and 52.222-37(c) (2008). Respondent Daniel A. Kirk, a Vietnam War veteran and a former employee of petitioner Schindler Elevator Corporation (Schindler), had cause to believe, based on his own experience and observations, that Schindler failed to meet VEVRAA’s annual information-reporting requirements. To confirm and support his on-the-job observations, Kirk obtained, through several Freedom of Information Act (FOIA) requests to the Department of Labor (DOL), copies of Schindler’s VEVRAA filings. The DOL responses revealed that, in some years, Schindler filed no information, while in some other years, the corporation filed false information. Armed with DOL’s confirmation of his own impressions, Kirk commenced suit against Schindler under the federal False Claims Act (FCA), 31 U. S. C. §3729 et seq.
In a carefully developed, highly persuasive opinion, the Second Circuit explained why a federal agency’s response to a FOIA request should not automatically qualify as a “report, hearing, audit, or investigation” preclusive of a whistle-blower’s lawsuit under the public disclosure bar of the FCA, § 3730(e)(4). I would affirm the Second Circuit’s judgment *418 as faithful to the text, context, purpose, and history of the FCA’s public disclosure bar.
The Court finds no “textual basis” for the Second Circuit’s interpretation of the statutory language. Ante, at 409. But the Court of Appeals’ opinion considered text as well as context. Leaving aside the term “report,” the court explained:
“All of the other terms in [§ 3730(e)(4)(A)’s] list of enumerated sources connote the synthesis of information in an investigatory context. ‘[Criminal, civil, [and] administrative hearings,’ for instance, all entail a government inquiry into a given subject, here into an alleged case of fraud. Similarly, government ‘hearing[s and] audit[s]’ are processes by which information is compiled with the concerted aim of deepening a government entity’s knowledge of a given subject or, often, determining whether a party is in compliance with applicable law....
“In this context, the term ‘report’ most readily bears a narrower meaning than simply ‘something that gives information.’ Rather, it connotes the compilation or analysis of information with the aim of synthesizing that information in order to serve some end of the government, as in a ‘hearing’ or ‘audit.’ It does not naturally extend to cover the mechanistic production of documents in response to a FOIA request made by a member of the public.” 601 F. 3d 94, 107 (2010) (citations omitted).
Focusing on the FOIA requests in this case, the Court of Appeals observed that DOL’s responses did not “synthesize the documents or their contents with the aim of itself gleaning any insight or information, as ... it necessarily would in conducting a ‘hearing’ or ‘audit.’ ” Id., at 108. Far from “compiling] or synthesizing] information to serve its own investigative or analytic ends,” id., at 111, DOL merely assembled and duplicated records, or noted the absence of records.
*419 Contrary to the Court’s assertion, moreover, the Second Circuit was mindful of the “error we reversed in Graham County [Soil and Water Conservation Dist. v. United States ex rel. Wilson, 559 U. S. 280 (2010)],” ante, at 409; the Court of Appeals used the noscitur a sociis canon only “as a guide in sifting through the common understandings of ‘report’ and ‘investigation’ to discover their intended meaning within the FCA.” 601 F. 3d, at 108, n. 6. The court explained:
“We ... have not used the canon to impose commonality on terms that ‘do not share any . . . core of meaning,’ Graham County, [559 U. S., at 289, n. 7]. To the contrary, the terms ‘hearing,’ ‘report,’ ‘audit,’ and ‘investigation’ all refer to processes of uncovering and analyzing information or to the products of those processes. Our interpretation focuses on their shared ‘core of meaning.’ ” Ibid.
The Court faults the Court of Appeals for not considering §3730(e)(4)(A)’s “reference to ‘news media,’” ante, at 409, suggesting that this omission overlooked Graham County’s observation that “all of the sources [of public disclosure] listed in § 3730(e)(4)(A) provide interpretive guidance,” 559 U. S. 280,289 (2010). Schindler did not make this argument below. In any event, the point would have been unavailing. Disclosures “of allegations or transactions . .. from the news media,” §3730(e)(4)(A) (emphasis added), share a common core of meaning with disclosures in other sources that involve “processes of uncovering and analyzing information or ... the products of those processes.” 601 F. 3d, at 108, n. 6.
The Court regards the case Kirk has brought as “a classic example of the ‘opportunistic’ litigation that the public disclosure bar is designed to discourage.” Ante, at 413. But as the Second Circuit observed:
“[T]he facts of this case belie the assertion that individuals who are not original sources and who obtain infor *420 mation through FOIA requests will generally not be persons with firsthand knowledge of fraud but rather will be opportunistic litigators. The facts also illustrate how an overbroad reading of the jurisdictional bar would prevent an individual with independent but partial knowledge of a possible fraud would be barred from bringing a lawsuit that is neither parasitic nor frivolous.” 601 F. 3d, at 110 (citation omitted).
By ranking DOL’s ministerial response an “administrative '. . . report,” akin to a “Government Accounting Office report,” § 3730(e)(4)(A) (footnote omitted), the Court weakens the force of the FCA as a weapon against fraud on the part of Government contractors. Why should a whistleblower attentive to the heightened pleading standards of Federal Rule of Civil Procedure 9(b) be barred from court if he seeks corroboration for his allegations, as Kirk did, through a FOIA request simply for copies of a contractor’s filings? After today’s decision, which severely limits whistleblowers’ ability to substantiate their allegations before commencing suit, that question is worthy of Congress’ attention.